UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CANTON

| | |
|---|---|
| In re: | Case No. 10-64360 |
| TWIN CITY HOSPITAL, | Chapter 11 |
| Debtor. | Judge Russ Kendig |

**DEBTOR'S APPLICATION FOR AUTHORITY TO RETAIN
AND EMPLOY MCDONALD HOPKINS LLC AS COUNSEL
FOR THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtor and debtor in possession (the "Debtor") hereby applies to the Court for the entry of an order authorizing the retention and employment of McDonald Hopkins LLC ("McDonald Hopkins") as counsel for the Debtor, *nunc pro tunc* to the Petition Date (defined below), pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

In support of this Application, the Debtor respectfully represents as follows:

**Background**

1. On October 13, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its property and is operating and managing its business, as debtor in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of Debtor's chapter 11 case and this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Detailed facts regarding the Debtor and reasons for the commencement of this chapter 11 case are set forth in the Affidavit and Statement of Douglas J. Ross, Sr., Chairman of the Board of Trustees in Support of Chapter 11 Petition and First Day Motions, Docket No. 2.

### Relief Requested

4. By this Application, the Debtor requests authority to retain and employ McDonald Hopkins, *nunc pro tunc* to the Petition Date, as counsel in the Debtor's chapter 11 case.

### Basis for Relief Requested

5. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out the [debtor in possession's] duties under this title.
>
> 11 U.S.C. § 327(a). Rule 2014 of the Bankruptcy Rules requires that an application for retention include: [S]pecific facts showing the necessity for the employment, the name of the [firms] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, its respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. Proc. 2014.

6. McDonald Hopkins has commenced immediate and comprehensive services to the Debtor's chapter 11 case, and it would be unfair to authorize retention effective as of the date of entry of a retention order. Moreover, in light of the fact that this Application was filed on the Petition Date — putting all parties on notice of McDonald Hopkins' role — no party in interest would be prejudiced by *nunc pro tunc* retention.

{2338418:} 2

## Necessity and Qualifications

7. McDonald Hopkins is a full-service law firm with more than 130 attorneys. McDonald Hopkins' principal office is located in Cleveland, Ohio. McDonald Hopkins and/or the members of its Business Restructuring Services Department have represented Debtor or creditors' committees in numerous large chapter 11 proceedings in this and other Districts, including:

- Bucyrus Community Hospital, Inc.
- Forum Health
- BPI Energy, Inc.
- CHA Hawaii, LLC
- The Antioch Company
- Hydraulic Technologies, Inc.
- CCI of West Palm, Inc.
- Ideal Electric Company
- RMA Management Services, Inc.
- ProCare Automotive Service Solutions, LLC
- Republic Engineered Products LLC
- Gliatech, Inc.
- Bush Leasing, Inc.
- Huffy Corporation
- DT Industries, Inc.
- Amcast Industrial Corporation
- Copperweld Steel Company.

8. Because of McDonald Hopkins' expertise in bankruptcy and restructuring matters, the Debtor selected McDonald Hopkins to serve as its bankruptcy counsel. The Debtor require experienced and knowledgeable counsel to render essential professional services. McDonald Hopkins has substantial bankruptcy, restructuring, general business, mergers and acquisitions, labor, employee benefits, and litigation expertise, and is well qualified to perform these services and represent the Debtor's interests in its chapter 11 case.

## Services to Be Rendered

9. The Debtor contemplates that McDonald Hopkins will render general legal services to the Debtor as needed throughout the course of its chapter 11 case, including, but not limited to:

(a) filing and monitoring the Debtor's chapter 11 case; (b) advising the Debtor of its obligations and duties in bankruptcy; (c) executing the Debtor's decisions by filing with the Court motions, objections, and other relevant documents; (d) appearing before the Court on all matters in this case relevant to the interests of the Debtor; (e) assisting the Debtor in the administration of its chapter 11 case; (f) taking such other actions as are necessary to protect the rights of the Debtor's estate; and (g) advising, consulting with and representing the Debtor on reorganization matters, including without limitation the formulation, negotiation, preparation, filing and confirmation of one or more plans of reorganization.

**Compensation**

10. Subject to the Court's approval and in accordance with section 330(a) of the Bankruptcy Code, McDonald Hopkins will charge the Debtor for legal services on an hourly basis in accordance with McDonald Hopkins' ordinary and customary hourly rates, as they may change from time to time, in effect on the date that such services are rendered, plus reimbursement of actual and necessary out-of-pocket expenses incurred by McDonald Hopkins. The current hourly rates charged by McDonald Hopkins for professionals and paraprofessionals are as follows:

| Billing Category | Range |
| --- | --- |
| Members | $305 - $660 |
| Of Counsel | $295 - $580 |
| Associates | $200 - $380 |
| Paralegals | $115 - $230 |
| Law Clerks | $ 60 - $120 |

These hourly rates are subject to periodic adjustments.

11. McDonald Hopkins will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of legal services by category and nature of services rendered.

12. McDonald Hopkins will submit interim and final applications for compensation and any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and Local Bankruptcy Rules.

13. To the best of the Debtor's knowledge, information, and belief, no promises have been received by McDonald Hopkins or by any member, counsel, or associate thereof, as to compensation in connection with the Debtor's case other than in accordance with the provisions of the Bankruptcy Code. To the best of the Debtor's knowledge, information, and belief, McDonald Hopkins has no agreement with any other entity to share with such entity compensation received by McDonald Hopkins in connection with the Debtor's chapter 11 case.

14. In the twelve months prior to the filing of this chapter 11 case, the Debtor paid to McDonald Hopkins a "replenishing" retainer in the aggregate amount of $102,947 for legal services performed or to be performed in contemplation of the Debtor's chapter 11 case. As of the Petition Date, McDonald Hopkins does not hold a retainer.

## Disinterestedness

15. To the best of the Debtor's knowledge, information and belief, McDonald Hopkins: (a) does not have any connection with the Debtor, this Court, the United States trustee, any person employed in the Office of the United States Trustee, or its respective attorneys and accountants, except as set forth in the attached Verified Statement of Paul W. Linehan (the "Verified Statement");[1] (b) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and (c) does not hold any interest materially adverse to the Debtor or its estate.

---

[1] A copy of the Verified Statement is attached hereto as <u>Exhibit A</u>; Schedules 1 and 2 are attached thereto, and are incorporated herein.

{2338418:} 5

16. McDonald Hopkins has searched its computerized client database and has determined that it has represented or represents certain of the Debtor's creditors or other parties in interest in this case, in matters wholly unrelated to the Debtor's chapter 11 case. See Verified Statement and the Schedules attached thereto. Except as described in the Verified Statement, McDonald Hopkins does not represent, to its knowledge, any of the Debtor's 20 largest unsecured creditors or other significant parties in interest in this case.

### Notice

17. No trustee, examiner or official committee has been appointed in this chapter 11 case. Notice of this Application has been served on the following parties or, in lieu thereof, to their counsel, if known: (i) the United States Trustee for the Northern District of Ohio; (ii) those creditors listed on the Debtor's List of Creditors Holding 20 Largest Unsecured Claims; (iii) Wells Fargo Bank, National Association, Master Trustee; (iv) The Commercial & Savings Bank; and (v) the District Director of Internal Revenue. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice need be given.

### No Prior Request

18. No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as <u>Exhibit B</u>: (a) authorizing the Debtor to retain and employ McDonald Hopkins, *nunc pro tunc* to the Petition Date, to represent the Debtor as counsel in its chapter 11 case, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014; and (b) granting such other and further relief as the Court may deem proper.

October 14, 2010                    Respectfully submitted,

**TWIN CITY HOSPITAL, INC.**

/s/ Douglas J. Ross, Sr.
By:     Douglas J. Ross, Sr.
Title:  Chairman of the Board of Trustees