# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION, CANTON

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-64360 |
| TWIN CITY HOSPITAL, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Judge Russ Kendig |
| ) | |

## DEBTOR'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

The above-captioned debtor and debtor in possession (the "Debtor") hereby moves the Court for entry of an order, pursuant to sections 105(a) and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), establishing procedures for interim compensation and reimbursement of expenses of professionals.

In support of this Motion, the Debtor respectfully represents as follows:

### Background

1. On October 13, 2010, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its property and is operating and managing its business, as debtor in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of Debtor's chapter 11 case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Detailed facts regarding the Debtor and reasons for the commencement of this chapter 11 case are set forth in the Affidavit and Statement of Douglas J. Ross, Sr., Chairman of the Board of Trustees, in Support of Chapter 11 Petitions and First Day Motions, Docket No. 2.

**Relief Requested**

4. By this Motion, the Debtor requests entry of an order authorizing and establishing procedures for the compensation and reimbursement of Professionals (as defined herein below) on a monthly basis, on terms comparable to those procedures established in other chapter 11 cases. Such an order will streamline the professional compensation process and enable the Court and all other parties to monitor the professional fees incurred in this case more effectively. Further, it would allow the Debtor to better manage and budget its professional fee expenses.

5. The Debtor has sought approval to employ and retain McDonald Hopkins LLC as general bankruptcy counsel. No official committee or trustee has yet been appointed in this case, but it is expected that any committee or trustee appointed by this Court will retain similar professionals (all professionals to be appointed by the Debtor or any official committee, collectively the "Professionals").

6. The requested procedures would require each Professional to submit to counsel for the Debtor, the U.S. Trustee, counsel for Wells Fargo Bank, National Association, Master Trustee, counsel for The Commercial & Savings Bank, and any official committee appointed by this Court a detailed statement of services rendered and expenses incurred by the Professional for the prior month. If there is no timely objection, the Debtor would pay eighty percent (80%) of the amount of fees incurred for the month, with a twenty percent (20%) holdback, and one hundred percent (100%) of disbursements for the month. These payments would be subject to the Court's subsequent approval as part of the normal interim fee application process approximately every one-hundred and twenty (120) days.

7. Pursuant to section 331 of the Bankruptcy Code, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every one-hundred and twenty (120) days, or more often if the Court permits.

**Basis for Relief Requested**

8. The Debtor requests the establishment of procedures for the compensation and reimbursement of court-approved professionals on a monthly basis similar to those established in other chapter 11 cases in this District. See, e.g., In re Bucyrus Community Hospital, Inc., No. 10-61078 (Bankr. N.D. Ohio, March 19, 2010); In re CEP Holdings, LLC, No. 06-51848 (MSS) (Bankr. N.D. Ohio Sept. 27, 2006); In re RMA Mgmt Assocs., Inc., No. 05-43959 (KW) (Bankr. N.D. Ohio July 8, 2005); In re Nexpak Corp., No. 04-63816 (RK) (Bankr. N.D. Ohio July 19, 2004); In re Summitville Tiles, Inc., No. 03-46341 (WTB) (Bankr. N.D. Ohio Dec. 12, 2003); In re Republic Engineered Prods. LLC., No. 03-55118 (MSS) (Bankr. N.D. Ohio Oct. 8, 2003); In re LTV Steel Co., No. 00-43866 (WTB) (Bankr. N.D. Ohio Dec. 29, 2000)[1].

9. In accordance with Local Bankruptcy Rule 2016-1 and the Court's Guidelines for Compensation and Expense Reimbursement of Professionals (the "Guidelines"), and pursuant to sections 105(a) and 331 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtor requests issuance of an order establishing procedures for monthly compensation and reimbursement of expenses of professionals.

10. Specifically, the Debtor proposes that the procedures for the monthly payment of compensation and reimbursement of expenses of the Professionals (the "Compensation Procedures") be structured as follows:

---

[1] Because of the voluminous nature of these unreported orders, they are not attached to this Motion. Copies of such orders will be made available to parties upon request from the Debtor's counsel.

{2340179:} 3

a. On or before the twentieth (20th) day of each month following the month for which compensation is sought, each Professional seeking compensation will serve a monthly statement by (i) electronic mail upon (a) the Debtor at cbrummund@twincityhospital.org, (b) the Debtor's counsel at sriley@mcdonaldhopkins.com and plinehan@mcdonaldhopkins.com, (c) counsel to Wells Fargo Bank, National Association, Master Trustee; DSBleck@mintz.com and AWalker@mintz.com; (d) counsel to The Commercial & Savings Bank, sdedwards@fzrlaw.com, and pbh@fzrlaw.com; and (e) counsel appointed by any official committee ("Committee Counsel") using the electronic mail addresses indicated by each such party; and (ii) by regular mail upon the Office of the United States Trustee, Howard M. Metzenbaum U.S. Courthouse, 201 Superior Ave., East – Suite 441, Cleveland, Ohio 44114, Attn: Derrick Rippy, Esq. (collectively, the "Notice Parties");

b. The monthly statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding bankruptcy judge's chambers because this Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and because professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules;

c. For those professionals who bill based on time, each monthly fee statement must contain a list of the individuals and their respective titles (*e.g.*, attorney, accountant or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no Professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the Guidelines), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

d. Each person receiving a statement may review it and, in the event that he or she has an objection to the compensation or reimbursement sought in a particular statement, he or she shall, within ten (10) days after receipt of the fee statement, serve upon the Professional whose statement is objected to, and the Notice Parties, a written "Notice of Objection to Fee Statement" setting forth the nature of the objection and the amount of fees or expenses at issue;

e. At the expiration of the ten (10) day period, the Debtor shall promptly pay eighty percent (80%) of the undisputed fees and one hundred percent (100%) of the undisputed expenses identified in each monthly statement to which no objection has been served in accordance with paragraph (d);

f.  If the Debtor receives an objection to a particular fee statement, it shall withhold payment on that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e);

g.  Similarly, if the parties to an objection are able to resolve their dispute following the service of Notice of Objection to fee statement and if the party whose statement was objected to serves on the Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (e), that portion of the fees statement which is no longer subject to an objection;

h.  All objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be held by the Court (*see* sub-paragraph (j) below);

i.  The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

j.  Approximately every 120 days, each of the Professionals shall serve and file with the Court, in accordance with the Guidelines, an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested;

k.  Any Professional who fails to file an application seeking approval of compensation and expenses previously paid under this Motion when due shall (i) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later;

l.  The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

m.  Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein, shall have any effect

on the Court's interim or final allowance of compensation and reimbursement of any Professional; and

    n.    Committee Counsel may, in accordance with the foregoing procedure for monthly compensation and reimbursement of Professionals, collect and submit statements of expenses (excluding individual committee members' counsel expenses), with supporting evidence of payment, from members of the Committee that Committee Counsel represents; provided, however, that Committee Counsel ensures that these reimbursement expenses comply with the Guidelines.

11.    The procedures suggested herein will enable all parties to closely monitor the costs of administration of this case, and will enable the Debtor to maintain an appropriate level of cash flow availability.

12.    Except as otherwise ordered by the Court, all parties who have filed a notice of appearance with the Clerk of Court shall receive notice of the fee application hearings.

### Applicable Authority

13.    Bankruptcy Code § 331 provides, in pertinent part, that:

> A trustee, an examiner, a debtors' attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement. 11 U.S.C. § 331.

14.    Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." As set forth previously, courts regularly have entered orders, pursuant to section 105 of the Bankruptcy Code, establishing professional compensation procedures providing for interim compensation and expense reimbursement on a monthly basis.

15.    Factors generally considered by courts in determining whether such relief as has been requested herein is warranted include, among others, "the size of the reorganization case,

{2340179:}    6

the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors." <u>In re International Horizons, Inc.</u>, 10 B.R. 895, 897-8 (Bankr. N.D. Ga. 1981). In considering these factors, courts have determined that interim compensation procedures are appropriate to avoid having professionals fund the reorganization proceeding. <u>See</u>, <u>e.g.</u>, <u>International Horizons</u>, 10 B.R. at 897.

16. Based on the foregoing authority, the Debtor submits that the procedures sought herein are appropriate.

## **Memorandum of Law**

17. Because this Motion presents no novel issues of law and the authorities relied upon are stated herein, the Debtor respectfully requests that this Court waive the requirement contained in Local Bankruptcy Rule 9013-1(a) that the Debtor file a separate memorandum of law in support of this Motion.

## **Notice**

18. No trustee, examiner or official committee has been appointed in this chapter 11 case. Notice of this Motion has been served on the following parties or, in lieu thereof, to their counsel, if known: (i) the United States Trustee for the Northern District of Ohio; (ii) those creditors listed on the Debtor's List of Creditors Holding 20 Largest Unsecured Claims; (iii) the District Director of Internal Revenue; (iv) Wells Fargo Bank, National Association, Master Trustee; (v) The Commercial & Savings Bank; and (vi) the financial institutions subject to the relief requested in this Motion. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice need be given.

## No Prior Request

19. No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as <u>Exhibit A</u>: (i) authorizing and establishing procedures for the compensation and reimbursement of Professionals on a monthly basis as set forth above and (ii) granting such other and further relief as is just and proper.

October 21, 2010

Respectfully submitted,

/s/ John A. Polinko
Shawn M. Riley (0037235)
Paul W. Linehan (0070116)
John A. Polinko (0073967)
McDONALD HOPKINS LLC
600 Superior Avenue, East
Suite 2100
Cleveland, OH 44114-2653
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
E-mail: sriley@mcdonaldhopkins.com
plinehan@mcdonaldhopkins.com
jpolinko@mcdonaldhopkins.com

PROPOSED COUNSEL FOR THE DEBTOR
AND DEBTOR IN POSSESSION