UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CANTON

| | |
|---|---|
| In re:<br><br>TWIN CITY HOSPITAL,<br><br>    Debtor. | Case No. 10-64360<br><br>Chapter 11<br><br>Judge Russ Kendig |

**DEBTOR'S APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 105, 327(A) AND 328(A) AUTHORIZING THE EMPLOYMENT AND RETENTION OF NAVIGANT CAPITAL ADVISORS, LLC AS INVESTMENT BANKER TO THE DEBTOR *NUNC PRO TUNC* TO NOVEMBER 11, 2010**

The above-captioned debtor and debtor in possession (the "Debtor") hereby seeks an order under 11 U.S.C. §§ 105, 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") authorizing the employment and retention of Navigant Capital Advisors, LLC ("Navigant") as investment banker to the Debtor *nunc pro tunc* to November 11, 2010.

In support of this Application, the Debtor relies on the Affidavit of Matt Caine in Support of the Debtor's Application for Order Under 11 U.S.C. §§ 105, 327(a) and 328(a) Authorizing Employment and Retention of Navigant Capital Advisors, LLC as Investment Banker to the Debtor *Nunc Pro Tunc* to November 11, 2010, attached hereto as Exhibit A (the "Affidavit"), and respectfully represent as follows:

**Background**

**A.    The Debtor's Case**

1.    On October 13, 2010 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its

property and is operating and managing its business, as a debtor in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of Debtor's chapter 11 case and this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Detailed facts regarding the Debtor and reasons for the commencement of its chapter 11 case are set forth in the Affidavit and Statement of Douglas J. Ross, Sr., Chairman of the Board of Trustees, in Support of Chapter 11 Petitions and First Day Motions, Docket No. 2.

## Relief Requested

4. By this Application, the Debtor seeks entry of an order pursuant to sections 105, 327(a) and 328(a) of the Bankruptcy Code: (a) authorizing the Debtor to retain and employ Navigant as investment banker to the Debtor during the pendency of this case *nunc pro tunc* to November 11, 2010; (b) approving the terms under which Navigant will be compensated; and (c) approving the terms set forth in the engagement letter (as amended from time to time, the "Engagement Letter"), attached to the Affidavit as Exhibit 1.

## Basis for Relief

5. The Debtor has considered the benefits, and detriments, associated with its restructuring efforts and, as a result, believes that the greatest recovery for all creditors may involve a sale of the Debtor's assets. The Debtor has received inquiries with respect its intentions in filing chapter 11, including the possibility of a sale of its assets. The Debtor believes that in order to maximize the value of its assets and foster a proper marketing campaign, it would be advantageous to expose the Debtor's assets to potential purchasers in the investment community. The Debtor believes that Navigant can facilitate such exposure.

6. Under section 327(a) of the Bankruptcy Code, a debtor in possession may employ one or more professionals that do not hold or represent an interest adverse to the estate and that are disinterested persons to represent the debtor in possession in carrying out its duties under the Bankruptcy Code. Specifically, section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under this title.

11 U.S.C. § 327(a). Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. Proc. 2014. Furthermore, section 328(a) of the Bankruptcy Code provides in pertinent part that:

> The trustee, or a Debtor appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. . . .

11 U.S.C. § 328(a).

7. By this Application, the Debtor requests that the Court approve the compensation arrangement described herein below, pursuant to section 328(a) of the Bankruptcy Code. The compensation arrangement contained in the Engagement Letter is highly beneficial to the

Debtor's estate, as it provides certainty and proper inducement for Navigant to act expeditiously and prudently with respect to the matter for which it will be employed.

8. The Debtor requests approval of Navigant on the terms set forth herein. The Debtor submits that Navigant satisfies the statutory criteria. As a result, Navigant should be retained to provide investment-banking services to the Debtor during the pendency of this case and its proposed fee structure should be approved under 11 U.S.C. § 328(a).

9. The Debtor has determined, in the exercise of its business judgment, that the fee structure set forth in the Engagement Letter appropriately reflects the nature of the services to be provided by Navigant and, further, contains reasonable terms and conditions related to Navigant's employment; therefore, the fee structure should be approved under section 328(a) of the Bankruptcy Code. In sum, therefore, the Debtor believes that the fee structure is reasonable in light of: (a) industry practice; (b) market rates charged for comparable services both in and out of the chapter 11 context; (c) Navigant's substantial experience with respect to investment banking services in the middle market; and (d) the nature and scope of work to be performed by Navigant in the Debtor's chapter 11 case.

### Services to Be Rendered

**B.** **Necessity**

10. On November 11, 2010, the Debtor executed the Engagement Letter with Navigant. A copy of the Engagement Letter is attached to the Affidavit as <u>Exhibit 1</u>. The Debtor has chosen Navigant to act as the Debtor's investment banker postpetition because Navigant has substantial expertise in the sale and restructuring of troubled middle market companies and is well qualified to perform these services and represent the Debtor's interests in its chapter 11 case.

C. **Qualifications**

11. Navigant is well qualified for this engagement as it is an independent, private investment-banking firm composed of over 100 finance professionals with varying business backgrounds including, but not limited to, accounting, investment banking, and venture capital. Navigant provides comprehensive financial advisory services to middle market companies in, among other areas, the healthcare sector.

12. Navigant and the Navigant professionals have substantial experience in providing financial advisory services to healthcare organizations navigating the chapter 11 process. For example, Navigant has provided such services to the following healthcare related entities in connection with their chapter 11 bankruptcies, among others: Beth Israel Hospital Association of Passaic (Case No. 06-16186, Bankr. D. N.J. 2006); Brotman Medical Center (Case No. 07-19705, Bankr. C.D. Cal. 2007), Regional Diagnostics, L.L.C. (Case No. 05-15262, Bankr. N.D. Ohio 2005); and, Sumner Regional Health Systems, Inc. (Case No. 10-04766, Bankr M.D. TN 2010). In addition, Navigant enjoys an excellent reputation for services it has rendered on behalf of healthcare industry-related debtors and creditors throughout the United States in connection with numerous healthcare restructurings, including the following: New Island Hospital; MedCath; Mediq, Inc.; BMJ Medical Management, Inc.; and, OMNA Medical Partners, Inc.

D. **Services to be Rendered**

13. The Debtor contemplates that Navigant will:

   a. Conduct a review of the business, operations, financial condition and prospects of the Debtor as it deems necessary, it being understood that Navigant shall, in the course of such review, rely entirely upon information as may be supplied by the Debtor, without assuming any responsibility for independent investigation or verification thereof;

   b. Advise and assist the Debtor in developing a general strategy for accomplishing a Transaction or Reorganization (as those terms are defined in the Engagement Letter) as may be applicable;

  c. Develop a list of qualified potential capital partners which will be reviewed and approved by the Debtor prior to initiating any contact;

  d. Contact potential purchasers of the assets of the Debtor that have been approved by the Debtor and manage all subsequent discussions and information requests, including assembling (or updating) a customized electronic data room for the Debtor;

  e. Advise and assist the Debtor in the course of its negotiations of a Transaction with any potential purchasers; and

  f. Advise and assist the Debtor in the execution and closing of a Transaction under a definitive agreement.

**E.** **Compensation**

14. Subject to the Court's approval and in accordance with section 328(a) of the Bankruptcy Code, Navigant will be paid postpetition under the terms of the Engagement Letter as follows:

  a. Upon the execution of the Engagement Letter, the Debtor will pay $25,000 to Navigant (pursuant to the instructions set forth on Exhibit A to the Engagement Letter). On the first day of each month thereafter, the Debtor will pay $25,000 to Navigant (pursuant to the instructions set forth on Exhibit A to the Engagement Letter). Each individual payment under Section 2(a) of the Engagement Letter is referred to as a "Monthly Payment."

  b. In addition to the Monthly Payments, upon the earlier of (i) the closing of a Transaction, or (ii) the effective date of a plan under the Reorganization ("Confirmation"), Navigant will receive via wire transfer (pursuant to the instructions set forth on Exhibit A to the Engagement Letter) a fee payable in cash (the "Restructuring Fee") equal to $500,000, less the aggregate of the Monthly Payments received by Navigant through the closing of the Transaction or Confirmation, as the case may be, pursuant to Section 2(b) of the Engagement Letter.

  c. Reimbursement of all out-of-pocket expenses (i.e., printing, duplication costs, courier charges, overnight mail, travel) related to the negotiation and structuring of the Transaction.

15. The overall compensation structure described above is comparable to compensation generally charged by investment banking firms of similar stature to Navigant and for comparable engagements, both in and out of court. The Debtor believes that Navigant's

{2459685:4} 6

10-64360-rk Doc 104 FILED 11/12/10 ENTERED 11/12/10 15:40:15 Page 6 of 8

experience providing financial advisory services to middle market companies will be beneficial to the Debtor and its creditors and its estate.

**F.   Indemnification**

16.   Pursuant to the Engagement Letter, the Debtors have agreed to indemnify and hold harmless Navigant against any and all losses, claims, damages, liabilities, and cost of defense related thereto arising out of Navigant's engagement or the services provided by Navigant under the Engagement Letter, with Navigant's liabilities limited to the aggregate amount of fees paid to Navigant pursuant to the terms of the Engagement Letter. A full copy of the indemnification terms and conditions is attached to the Engagement Letter.

**G.   Conflicts**

17.   To the best of the Debtor's knowledge, information, and belief, Navigant is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

18.   Navigant has searched its client database and determined that it does not represent, and has not represented, the Debtor's creditors or other parties in interest in any matters related to the Debtor or its estate. Further, Navigant holds no materially adverse interest as to the matters upon which Navigant is to be retained.

**Notice**

19.   No trustee or examiner has been appointed in this chapter 11 case. Notice of this Application has been served on the following parties or, in lieu thereof, to their counsel, if known: (i) the United States Trustee for the Northern District of Ohio; (ii) those creditors listed on the Debtor's List of Creditors Holding 20 Largest Unsecured Claims; (iii) the District Director of Internal Revenue; (iv) Wells Fargo Bank, National Association, Master Trustee; (v) The Commercial & Savings Bank; and (vi) any other party in interest who has filed a request for

{2459685:4}                                    7

10-64360-rk    Doc 104    FILED 11/12/10    ENTERED 11/12/10 15:40:15    Page 7 of 8

notice in the Debtor's chapter 11 case. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice need be given.

## No Prior Request

20. No prior request for the relief sought in this Application has been made to this Court or any other Court.

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form attached as <u>Exhibit B</u>: (i) authorizing the Debtor to employ and retain Navigant as its investment banker in the Debtor's chapter 11 case nunc pro tunc to November 11, 2010, pursuant to the terms of the Engagement Letter, as described herein and (ii) granting the Debtor such other relief as is just and proper.

November 12, 2010

Respectfully submitted,

/s/ Paul W. Linehan
Shawn M. Riley (0037235)
Paul W. Linehan (0070116)
John A. Polinko (0073967)
McDONALD HOPKINS LLC
600 Superior Avenue, East
Suite 2100
Cleveland, OH 44114-2653
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
E-mail: sriley@mcdonaldhopkins.com
plinehan@mcdonaldhopkins.com
jpolinko@mcdonaldhopkins.com

COUNSEL FOR THE DEBTOR
AND DEBTOR IN POSSESSION