The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| TWIN CITY HOSPITAL, | ) | CASE NO. 10-64360 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |
| | ) | |

    Movant, Canton Aultman Emergency Physician, Inc., filed an amended motion seeking partial relief from the automatic stay ("motion"). The motion is opposed by Debtor; the unsecured creditors committee ("Committee"); Wells Fargo National Association, the indenture trustee ("Wells Fargo"); and Marge Jentes and Michael Norman ("Codefendants"). The court held a final hearing on June 9, 2011 and the matter was taken under advisement.

    The court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## FACTS

Codefendants are the former CEO and CFO of Debtor. During Codefendants' employment with Debtor, Debtor entered into a contract with Movant to obtain emergency physician services. Prepetition, Movant filed a state court lawsuit against Debtor and Codefendants in the Tuscarawas County Court of Common Pleas, alleging breach of the contract. The complaint contains claims against Codefendants for negligence and fraudulent misrepresentation. While the case was pending, Debtor filed a chapter 11 petition. The Common Pleas court stayed the state court case in light of Debtor's bankruptcy. Movant now seeks relief to proceed against the Codefendants. The motion is opposed by multiple parties.

## LAW AND ANALYSIS

The obvious starting point is 11 U.S.C. § 362(a)(1). No one disputes that the state court action is stayed against Debtor. The state court independently extended protection to Codefendants as well and movant seeks relief from the stay to proceed against the Codefendants. The parties agree that extension of the automatic stay to nondebtor codefendants is permissible in "unusual circumstances." *See* American Imaging Serv., Inc. v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.), 963 F.2d 855 (6th Cir. 1992) (citing A.H. Robins Co., Inc. v. Piccinin (In re A.H. Robins Co, Inc.), 788 F.2d 994 (4th Cir. 1986), cert. denied 479 U.S. 876 (1986)). The court is not equally persuaded.

The Sixth Circuit did not adopt the Robins "unusual circumstance" analysis in the context of a relief from stay motion, but utilized it in examining whether the irreparable harm requirement for a preliminary injunction had been established. *See* Eagle-Picher, 963 F.2d at 860-61. The Sixth Circuit noted the distinction in Patton v. Bearden when it stated

> It should be noted that such extensions, although referred to as extensions of the automatic stay, were in fact injunctions issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate.
>
> Even if we were to adopt the unusual circumstances test, the bankruptcy court would first need to extend the automatic stay under its equity jurisdiction pursuant to 11 U.S.C. § 105.

8 F.3d 343, 349 (6th Cir. 1993); *see also* Amedisys, Inc. v. Nat'l Century Fin. Enter., Inc. (In re Nat'l Century Fin. Enter., Inc.), 423 F.3d 567 (6th Cir. 2005).

The automatic stay must first be extended because it does not apply to codefendants: '[the stay] does not extend, however, to separate legal entities such as corporate affiliates, partners in debtor partnerships or to codefendants in pending litigation.' Patton, 8 F.3d 343, 349 (citing 2

2

Collier on Bankruptcy ¶ 362.04 (15th ed. 1993) (emphasis deleted)).

The Common Pleas court's stay of the state case created a divergence that the parties followed. The bankruptcy stay will only protect nondebtor codefendants when the bankruptcy court exercises its equitable powers to impose the stay as to those parties. Short of this, codefendants are not protected by the stay. This court has not extended the stay to Codefendants, nor has it been asked to do so. Consequently, the court finds that the automatic stay under section 362(a)(1) does not apply to Codefendants. To the extent that the motion seeks relief from stay against them, the relief sought is unnecessary.

An order will be issued concurrently with this opinion.

# # #

**Service List:**

Steven R. Hobson
John A. Polinko
Christopher Peer
Edmond J. Mack
Sherri L. Dahl